The bond upon which the suit is brought, was given by the Commissioners of the town of Beaufort to C. R. Thomas, President of the Beaufort Steam Ferry Boat Company, under the authority granted by the provisions of the act of 1858-'59, incorporating said company. Section 5 of that act reads: "That it shall be lawful for the Commissioners of the town of Beaufort, to subscribe by their agent, for such an amount of stock in said company as they shall be authorized to subscribe by a majority of the voters of said town, qualified to vote for commissioners, whose sense of subscribing a particular amount shall be previously ascertained, by opening a poll for that purpose, at such times and on such notice, and in such mode, as the Commissioners shall direct; and the said Commissioners shall have power to negotiate a loan or loans, and issue the bonds of the town as security for the payment of said loan or loans, and shall be authorized to lay a tax on the lands and polls of said town for the payment of the said subscription."
On the 24th February, 1859, the Commissioners of the town of Beaufort ordered that the clerk advertise at the Court House and three other public places, that an election would be held at the Court House on Saturday, the 26th of said month, to take the sense of the citizens as to whether the Commissioners should subscribe $2,000 in addition *Page 265 
to the subscription of $4,000, theretofore made to the stock (320) of said Company. The election was held, when 62 voted in favor of "subscription" and only 2 (two) voted against it, whereupon the Commissioners "Resolved, that the Treasurer of the town subscribe $2,000 to the stock of the Beaufort Steam Ferry Boat Company, and receive a certificate of stock therefor.
"Resolved, further, That a bond or bonds, payable at twelve months, bearing interest from date and signed by a majority of the Commissioners, be issued by the Treasurer in payment of said subscription, and that the Treasurer be authorized to sell said bond or bonds for any sum not less than 90 per cent and that he be authorized to charge the loss on the sale of said bonds, if any, in his account upon vouchers therefor."
In pursuance of the foregoing ordinance, the bond, the same sued on in this action, was issued and assigned by C. R. Thomas, for value to the plaintiff, before it became due; and all the bonds issued by virtue of said ordinance, were issued at par, and the town received therefore stock in said Company of the value of the face of the bonds.
It is admitted that 68 is less than a majority of the voters of said town, qualified at that time to vote for Commissioners.
Upon the hearing, his Honor gave judgment for the plaintiff, which being certified to the Superior Court of Carteret, the defendants appealed.
The plaintiff is a bona fide holder of a bond issued by the Commissioners of the town of Beaufort. The "case agreed" sets out no fact upon which a recovery can be resisted.
The town issued its bonds, received the value thereof in stock of the Company, and the town cannot, as against a bona fide holder of one of its bonds, be heard to allege that the bond is void, by reason of the fact that the consent of the voters of the town had not (321) been duly ascertained.
Indeed, we incline to the opinion, that the construction contended for, to wit: there must be a majority of all the voters of said town qualified to vote for Commissioners is too narrow, for the act goes on to provide, "whose sense of subscribing a proposed amount shall be previously ascertained by opening a poll for that purpose, after advertisement," c. The meaning of which is, that all of the voters of the town who do not choose to attend at the poll, are to be taken as *Page 266 
assenting to the result of the election according to the votes actually polled. This is the usual course. The Commissioners acted upon it, and issued the bonds. If the intention was to add a further restriction, there ought to have been an express proviso that the assent of the voters of the town can only be given by a vote of a majority of all of the voters of the town to be actually polled.
Here the assent of the voters of the town is left to be ascertained byopening a poll after due advertisement, c., which of course is left to depend upon the majority of the votes cast at such election.
No error.
PER CURIAM. Judgment affirmed.
R. R. v. Comrs., 72 N.C. 490; Norment v. Charlotte, 85 N.C. 398;McDowell v. Const. Co., 96 N.C. 529; Clark v. Statesville, 139 N.C. 498;Vann v. Comrs., 185 N.C. 172.